UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH McDANIEL, et al.                                        CIVIL ACTION

VERSUS                                                          NO. 09-515

STATE FARM FIRE & CASUALTY                                      SECTION "N"(2)
INSURANCE COMPANY

## ORDER AND REASONS[1]

Before the Court is the Plaintiffs' Motion to Dismiss, Without Prejudice, Pursuant to Rule 41(A)(2) (Rec. Doc. 22). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motion subject to the condition set forth herein after.

**I.    BACKGROUND**

On August 29, 2005, Plaintiffs Joseph and Nancy McDaniel owned property located at 1934 North Tonti Street, New Orleans, Louisiana which was insured by State Farm Fire and Casualty Insurance Company ("State Farm"). (Rec. Doc. 1, ¶¶ I-III). As a result of Hurricane Katrina, Plaitniffs' property sustained damages due to wind, wind driven rain, and flood. (Rec. Doc. 1, ¶ V).

On August 27, 2007, counsel with the Hurricane Law Center included Plaintiffs' claims for damages to their property in a mass joinder suit filed against State Farm. Thereafter the Court consolidated the case with the Katrina Canal Breaches Consolidated Litigation, case no. 05-4182. On December 30, 2008, for the reasons outlined in his "HLC/State Farm Severance Order," Magistrate Judge Wilkinson ordered the plaintiffs' individual claims in the mass joinder suit, including Plaintiffs' claims, de-consolidated from the *Katrina Canal Breaches Consolidated*

---

[1] The Court notes that several similar motions have been filed in different sections of the Eastern District of Louisiana. The undersigned finds the opinion previously rendered by Judge Stanwood R. Duval, Jr., in *Lockwood v. State Farm Fire & Casualty Insurance Company* (09-431) (Rec. Doc. 24) to be well-founded and thus, see no reason to deviate herein. Accordingly, this opinion substantially tracks the language of the *Lockwood* opinion.

*Litigation* and severed from one another. (See Rec. Doc. 1-3). Magistrate Judge Wilkinson also ordered plaintiffs' counsel to file, not later than January 30, 2009, "an individualized individual complaint for each plaintiff . . . as to particular property allegedly insured by State Farm." (Rec. Doc. 1-3, p.2).

On January 29, 2009, Plaintiffs' counsel filed a First Amended Complaint, alleging damage to the roof and interior of their home, including the contents, due to wind and wind driven rain. (Rec. Doc. 1, ¶ V). Plaintiffs' Amended Complaint sought payment of the policy limits for structure, "other structures," contents, debris removal, additional living expenses/loss of use, double damages under La. Rev. Stat. 22:1220, penalties under La. Rev. Stat. 22:658, attorneys fees, and court costs. (Rec. Doc. 1, ¶ X).

Since the filing of the individual claim, the following actions have been taken with respect to Plaintiffs' suit:

- State Farm filed its answer (Rec. Doc. 7);
- State Farm filed its Statement of Corporate Disclosure (rec. Doc. 15);
- State Farm served Plaintiff with written discovery;
- Plaintiff sought and obtained an extension until August 5, 2009 to respond to State Farm's propounded discovery ;
- The Case Manager held a Preliminary Scheduling Conference during which a trial date was selected and various deadlines were established (See Rec. Doc. 18);
- State Farm filed a Motion to Compel Plaintiff's Responses to Interrogatories and Requests for Production (Rec. Doc. 19); and
- Magistrate Judge Wilkinson denied the motion to compel as moot, because the parties had apparently worked through their discovery dispute. (See Rec. Doc. 21).

Thereafter Plaintiffs filed the instant motion to dismiss the case without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure asserting that because flood

damages are not covered by State Farm's insurance policy, the $75,000.00 amount in controversy necessary for diversity jurisdiction cannot be satisfied. Plaintiffs' counsel requests that Plaintiffs be allowed to dismiss their cases, without prejudice, in federal court and re-file them in state court "for actual litigation." (Rec. Doc. 22-2, p. 3). State Farm opposes the motion contending that the motion results from Plaintiffs' desire to not have "to play by" the Federal Rules of Civil Procedure and plaintiff's struggle to comply with the requirements of the Federal Rules and the scheduling orders imposed by this Court and other judges in the individual suits which were previously part of the mass joinder claim. (See Rec. Doc. 23). State Farm urges that it will suffer cognizable, legal prejudice if this suit is dismissed without prejudice.

## II.    LAW AND ANALYSIS

### A.    Subject Matter Jurisdiction

The analysis of Plaintiffs' motion necessarily begins by examining whether the Court has subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. §1332. There is no dispute that the parties are diverse; however, the parties dispute whether the $75,000.00 amount in controversy requirement is satisfied.

It is well established that "the jurisdictional facts must be judged as of the time the complaint is filed . . .." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). Review of the Amended Complaint indicates that the $75,000.00 amount in controversy requirement is satisfied. In the Amended Complaint, Plaintiffs seeks to recover the policy limits from State Farm, as well as statutory damages under Louisiana law. Plaintiff has

3

not provided any evidence indicating that the amount in controversy is less than $75,000.00.[2] Federal jurisdiction is properly exercised over this claim.

      **B.**      **Federal Rule of Civil Procedure 41(a)(2)**

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, the Court has discretion whether to dismiss Plaintiffs' claims without prejudice. 9 C. Wright & A. Miller, *Federal Practice and Procedure*, §2364 at 458 (2008). In the Fifth Circuit "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elabor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (internal quotation and citation omitted).

      In analyzing a Rule 41(a)(2) motion, the district court should first inquire:

> whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant grant the motion. If the district court concludes that granting of the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice.

*Id.* at 317-318. "Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal. *Hartford Accident & Indemnity Company* v. *Costa Lines Cargo Services, Inc.*, 903 F.2d at 360.

---

[2] Although the policy limits are not revealed in the amended complaint, State Farm indicates that they are in excess of $100,000. (Rec. Doc. 23, p. 6).

4

Following Magistrate Judge Wilkinson's December 30, 2008 Order that plaintiffs in the mass joinder suit file individual amended complaints, Plaintiff had more than ample time prior to the January 30, 2009 deadline for filing individual suits to evaluate whether their claims met the amount in controversy requirement of 28 U.S.C. §1332 and to decide whether they wanted to continue to proceed with their litigation in federal court. As they were entitled to do, Plaintiffs elected to proceed in federal court.

Since Plaintiffs filed the Amended Complaint, thereby indicating their continued commitment to pursuing their claims in federal court, State Farm has responded to the suit by answering Plaintiff's Amended Complaint, filing its Statement of Corporate Disclosure, participating in a Scheduling Conference which, among other things, scheduled a trial date for April 19, 2010, and propounding discovery to which Plaintiffs failed to timely respond, despite having been involved in this litigation for more than almost two years at the time State Farm propounded the discovery. Plaintiffs' failure to timely respond to State Farm's discovery necessitated State Farm's filing of a Motion to Compel. (See Rec. Doc. 19).

As indicated by the cited actions, State Farm has filed a number of pleadings designed to move this litigation forward which required a significant investment of time and energy. Given the efforts of State Farm in pursuing this litigation as described above, and Plaintiffs' lack of diligence in pursuing this suit after consciously electing to continue to pursue their claims in federal court by filing their Amended Complaint, the Court concludes that permitting Plaintiffs to unconditionally dismiss this suit without prejudice would result in plain legal prejudice to State Farm. However, the Court also concludes that the legal prejudice to State Farm can be cured by granting Plaintiffs' motion to dismiss without prejudice on the condition that within ten

days from entry of this order Plaintiffs pay to State Farm $1,500.00, representing reasonable attorneys' fees and costs incurred by State Farm for legal services which will either not be beneficial in the suit to be filed by Plaintiffs in state court, i.e., filing of Statement of Corporate Disclosure and participation in the preliminary scheduling conference or will have to be duplicated in the state court suit, i.e., filing an answer, interrogatories, and requests for production. Accordingly,

**IT IS ORDERED** that **Plaintiffs' Motion to Dismiss, Without Prejudice, Pursuant to Rule 41(A)(2) (Rec. Doc. 22)** is **GRANTED** on the condition that Plaintiffs pay to State Farm $1,500.00 for the attorneys' fees and costs not usable in any subsequent suit filed in state court. Plaintiffs have several options: 1) they may pay State Farm $1,500.00 representing attorneys' fees and costs and receive a dismissal without prejudice; 2) they may decline to pay the assessed attorneys' fees and costs, and accept a dismissal with prejudice in which case the Court will dismiss the action with prejudice; or 3) they may withdraw the motion to dismiss and proceed with this suit as if the motion to dismiss without prejudice had not been filed. Within ten days of the date of the entry of this Order, Plaintiff shall inform the Court of the option they have elected. The Court will then proceed accordingly.

New Orleans, Louisiana, this 22nd day of October, 2009.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE